IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DOCKET

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 96-110 ERIE |
| | ) | |
| | ) | Misc. No. 1:96-mc-00075-SJM |
| v. | ) | |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of Pennsylvania, | ) | |
| | ) | |
| Garnishee | ) | |

**MOTION FOR CLARIFICATION AS TO WHEN
INTEREST BEGINS TO ACCRUE ON JUDGMENT**

AND NOW COMES Garnishee, National City Bank of Pennsylvania ("National City"), by and through its counsel, C. James Zeszutek, Esq., Jeffrey J. Conn, Esq., Jeffrey J. Lorek, Esq. and Thorp Reed & Armstrong, LLP, and files this Motion for Clarification as to When Interest Begins to Accrue on Judgment, and in support thereof states as follows:

1. In an unrelated action, on June 5, 1996, Plaintiff Witco Corporation ("Witco") obtained a default judgment against the Defendant Herzog Brothers ("Herzog Brothers") in the amount of $509,216.52.

2. On July 5, 1996, Witco served a writ of execution on National City as potential garnishee.

00650514.DOC

3. National City immediately froze the $1,379.52 in Herzog Brothers' funds in its possession, which were contained in Herzog Brothers' checking account with National City.

4. Witco then filed a motion in this Court seeking to compel National City to pay the entire amount of the judgment against Herzog Brothers.

5. On April 3, 2002, this Honorable Court granted National City Bank's Motion for Summary Judgment against Witco, and denied Witco Corporation's Motion for Summary Judgment. A true and correct copy of this Court's April 3, 2002 Order is attached hereto as **Exhibit A**.

6. In its opinion, this Court held that National City never had "custody, possession or control" of Herzog Brothers' property under Pennsylvania Rule of Civil Procedure 3101(b)(2), and, therefore, did not owe $509,216.52 to Witco. This Court declared that National City did not improperly withhold Herzog Brothers' funds under the writ of garnishment.

7. Witco subsequently appealed this Court's decision to the United States Court of Appeals for the Third Circuit, which in turn certified questions of law to the Supreme Court of Pennsylvania.

8. In answering the questions posed to it by the Court of Appeals, the Supreme Court of Pennsylvania found that National City did have possession of Herzog Brothers' property under Pennsylvania's garnishment law. A true and correct copy of the Supreme Court of Pennsylvania's December 21, 2004 opinion is attached hereto as **Exhibit B**.

9. On June 10, 2005, based on the Supreme Court of Pennsylvania's new finding, the Court of Appeals vacated this Court's April 3, 2002 judgment granting National City's Motion for Summary Judgment, and remanded the case back to this Court "for further

-3-

proceedings. All in accordance with the opinion of [the Court of Appeals]." A true and correct copy of the Court of Appeals' June 10, 2005 Order is attached hereto as **Exhibit C**.

10. The Court of Appeals' Order remanding the case back to this Court was issued in lieu of a formal mandate, but was directed to be treated in all respects as a mandate. On July 19, 2005, Counsel was advised in a letter from the Court of Appeals enclosing a certified copy of the Order, that the Order was to be considered a mandate. A true and correct copy of the Court of Appeals' letter is attached hereto as **Exhibit D**.

11. On July 28, 2005, on remand and in accordance with the Court of Appeals' mandate, this Court granted Witco's Motion for Summary Judgment, denied National City's Motion for Summary Judgment, and entered, for the very first time, a judgment in favor of Witco Corporation in its dispute with National City as to the $509,216.52. A true and correct copy of this Court's July 28, 2005 Order is attached hereto as **Exhibit E**.

12. However, neither the Court of Appeals' mandate, nor the District Court's July 28, 2005 judgment for Witco and against National City, included any instructions or direction regarding the calculation or allowance of interest.

13. National City does not dispute that Witco is entitled to interest under 28 U.S.C.A. § 1961(a) on its judgment against National City recovered in this civil case before this Honorable Court.

14. Under 28 U.S.C.A. § 1961(a), Witco is only entitled to interest from the "date of the entry of the judgment."

15. Federal Rule of Appellate Procedure 37 provides that, following an appeal to a circuit court, if the court of appeals modifies or reverses the district court's judgment, the court

of appeals' mandate must contain instructions about the allowance of interest on a money judgment.

16. The Supreme Court of the United States has established the "<u>Briggs</u> Rule," which dictates that, absent a court of appeals' mandate providing for interest, the district court has no power to deviate from the mandate by authorizing a judgment in an amount different from that directed by the court of appeals.

17. Furthermore, a judgment vacated on appeal has no further effect. In this regard, the Supreme Court of the United States has also held that, in a situation where a court of appeals vacates a district court's original judgment, interest begins to accrue only from the date of the entry of the later, second judgment.

18. Moreover, the Supreme Court has also declared that the only time that interest will begin to accrue from the date of a district court's first, original judgment, is where the original judgment was "basically sound," and was merely modified on remand.

19. Under applicable law, therefore, interest can only begin to accrue on a judgment from the time that the damages are "ascertained" in a meaningful way, and where the judgment is supported by evidence.

20. Interest does not accrue on an original judgment if that judgment is later vacated in its entirety for lack of legal or factual basis. To accrue from the date of the original judgment, the judgment must have been "basically sound."

21. In the present case, this Court decided, based on all of the evidence, facts and law presented to it, that National City did not have "custody, possession or control" of Herzog Brothers' property under Pennsylvania garnishment law.

00650514.DOC

22. On appeal, only after the Supreme Court of Pennsylvania had answered the novel legal question posed to it, namely, that National City did have possession of the debtor's property in connection with a sales transaction of purchasing cashiers' checks, the Court of Appeals vacated in its entirety this Court's judgment, and remanded the case back to this Court for further proceedings in accordance with the Court of Appeals' mandate.

23. However, the Court of Appeals' mandate was silent with respect to the calculation of interest.

24. The Court of Appeals based its decision to vacate the original judgment in this case on the Supreme Court of Pennsylvania's newfound legal definitions of "property" and "possession" as it pertains to Pennsylvania garnishment law. The high court's decision has since been published and serves as a precedent-setting standard for all future garnishment cases.

25. Because this Court ultimately entered a judgment for Witco that was based on a legal conclusion completely opposite from that which resulted in the original judgment granting National City's Motion for Summary Judgment, the original judgment was clearly lacking in legal basis.

26. Therefore, judgment against National City under Pennsylvania garnishment law was never "basically sound" until this Court, on July 28, 2005, first entered judgment against National City in accordance with the Court of Appeals' mandate by granting Witco's Motion for Summary Judgment and denying National City's.

27. Pursuant to 38 U.S.C.A. § 1961(a), Federal Rule of Civil Procedure 37(b), and federal case law, any interest on Witco's judgment against National City may only accrue from the date of the entry of the District Court's judgment on remand, which is July 28, 2005.

00650514.DOC

-6-

WHEREFORE, for the reasons set forth above and more fully explained in National City's Memorandum of Law in Support of this Motion, which is filed concurrently herewith, National City Bank of Pennsylvania respectfully requests that this Honorable Court enter an Order clarifying that interest on Witco's judgment in the amount of $509,216.52 constitutes only that amount that has accrued at a lawful rate since July 28, 2005.

|  |  |
|---|---|
| Dated:  September 16, 2005 | Respectfully submitted,<br><br>/s/ C. James Zeszutek, Esq.<br>C. James Zeszutek, Esq.<br>Pa. I.D. No. 22071<br>jzeszutek@thorpreed.com<br><br>Jeffrey J. Conn, Esq.<br>Pa. I.D. No. 56198<br>jconn@thorpreed.com<br><br>Jeffrey J. Lorek, Esq.<br>Pa. I.D. No. 93447<br>jlorek@thorpreed.com<br><br>THORP REED & ARMSTRONG<br>Firm I.D. No. 282<br>One Riverfront Center<br>Pittsburgh, PA  15222-4895<br>Tel. No.:  412/ 394-7711<br>Fax No.:  412/ 394-2555<br><br>*Attorneys for Garnishee*<br>*National City Bank of Pennsylvania* |

00650514.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Motion for Clarification as to When Interest Begins to Accrue on Judgment** has been served upon counsel of record this 16th day of September, 2005, by electronic notice of filing, as follows:

>David V. Weicht, Esquire
>Leech Tishman Fuscaldo & Lampl
>525 William Penn Place
>30th Floor, Citizens Bank Building
>Pittsburgh, PA  15219

>/s/ C. James Zeszutek
>C. James Zeszutek, Esq.
>Pa. I.D. No. 22071
>jzeszutek@thorpreed.com
>
>Jeffrey J. Conn, Esq.
>Pa. I.D. No. 56198
>jconn@thorpreed.com
>
>Jeffrey J. Lorek, Esq.
>Pa. I.D. No. 93447
>jlorek@thorpreed.com
>
>THORP REED & ARMSTRONG
>Firm I.D. No. 282
>One Riverfront Center
>Pittsburgh, PA  15222-4895
>Tel. No.:  412/ 394-7711
>Fax No.:  412/ 394-2555
>
>*Attorneys for Garnishee*
>*National City Bank of Pennsylvania*

## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 96-110 ERIE |
| | ) | |
| | ) | Misc. No. 1:96-mc-00075-SJM |
| v. | ) | |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of Pennsylvania, | ) | |
| | ) | |
| Garnishee | ) | |

## **ORDER OF COURT**

AND NOW, this _____ day of _____, 2005, upon consideration of National City Bank of Pennsylvania's Motion for Clarification as to When Interest Begins to Accrue on Judgment, as well as National City's Memorandum of Law in Support of its Motion, and any response of Witco Corporation thereto, it is hereby ORDERED, ADJUDGED AND DECREED that the interest on Witco's judgment against National City in the amount of $509,216.52 constitutes only that amount which has accrued at the lawful rate since July 28, 2005.

_____
United States District Judge

00650514.DOC