**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
ERIE DOCKET**

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 96-110 ERIE |
| | ) | |
| | ) | Misc. No. 1:96-mc-00075-SJM |
| v. | ) | |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of Pennsylvania, | ) | |
| | ) | |
| Garnishee | ) | |

**MEMORANDUM OF LAW IN SUPPORT OF MOTION FOR
CLARIFICATION AS TO WHEN INTEREST BEGINS TO ACCRUE ON JUDGMENT**

AND NOW COMES Garnishee, National City Bank of Pennsylvania ("National City"), by and through its counsel, C. James Zeszutek, Esq., Jeffrey J. Conn, Esq., Jeffrey J. Lorek, Esq. and Thorp Reed & Armstrong, LLP, and files this Memorandum of Law in Support of its Motion for Clarification as to When Interest Begins to Accrue on Judgment.

**I.   INTRODUCTION**

The substantive factual and legal issues surrounding the dispute between National City and Witco Corporation ("Witco") in the underlying lawsuit have since been resolved. However, now having entered the ending stages of this case, an issue has arisen with respect to the appropriate calculation of interest on Witco's monetary judgment in this civil action. Therefore, National City has filed a Motion for Clarification as to When Interest Begins to Accrue, seeking

from this Honorable Court an Order declaring that interest should be calculated only from the date of this Court's final judgment in favor of Witco on July 28, 2005. The facts necessary to the determination of the instant issue are set forth below.

## II.  RELEVANT FACTS

On June 5, 1996, in an unrelated action, Plaintiff Witco obtained a default judgment against the Defendant Herzog Brothers ("Herzog Brothers") in the amount of $509,216.52. See National City's Motion for Clarification, **Exhibit B**. On July 5, 1996, Witco served a writ of execution on National City as potential garnishee. Id. National City immediately froze the $1,379.52 in Herzog Brothers' funds in its possession, which were contained in Herzog Brothers' checking account with National City. Id. Witco then filed a motion in this Court seeking to compel National City to pay the entire amount of the judgment against Herzog Brothers. Id.

On April 3, 2002, this Honorable Court granted National City Bank's Motion for Summary Judgment against Witco, and denied Witco Corporation's Motion for Summary Judgment. See National City's Motion for Clarification, **Exhibit A**, p. 9. In its Memorandum Opinion, this Court held that National City never had "custody, possession or control" of Herzog Brothers' property under Pennsylvania Rule of Civil Procedure 3101(b)(2). See id. at p. 8. Accordingly, when it granted National City's Motion for Summary Judgment, this Court did not find that National City improperly withheld any of Herzog Brothers' funds under Pennsylvania garnishment law and that it did not owe Witco $509,216.52. See generally id.

Witco subsequently appealed this Court's decision to the United States Court of Appeals for the Third Circuit, which in turn certified questions of law to the Supreme Court of Pennsylvania. In answering the questions posed to it by the Court of Appeals, the Supreme Court of Pennsylvania found, to the contrary of this Court's original judgment, that National City

-2-

did have "possession" of Herzog Brothers' property under Pennsylvania's garnishment law.  See **Exhibit B**.

On June 10, 2005, based on the Supreme Court of Pennsylvania's new legal conclusion, namely, that National City did have possession of the debtor's property in connection with a sales transaction of purchasing cashiers' checks, the Court of Appeals vacated this Court's original April 3, 2002 judgment granting National City's Motion for Summary Judgment, and remanded the case back to this Court "for further proceedings . . . [a]ll in accordance with the opinion of [the Court of Appeals]."  See National City's Motion for Clarification, **Exhibit C**. The Court of Appeals issued its Order vacating the original judgment and remanding the case back to this Court in lieu of a formal mandate.  See id.  However, in a letter sent to counsel dated July 19, 2005, the Court of Appeals advised that the Order was to be treated in all respects as a mandate.  The letter also enclosed a certified copy of the Court of Appeals' mandate.  See National City's Motion for Clarification, **Exhibit D**.

Finally, on July 28, 2005, upon remand and in accordance with the Court of Appeals' Order, this Honorable Court granted Witco's Motion for Summary Judgment, denied National City's Motion for Summary Judgment, and entered, for the very first time, a judgment in favor of Witco Corporation in its dispute against National City as to whether National City was required under Pennsylvania garnishment law to pay the $509,216.52.  See National City's Motion for Clarification, **Exhibit E**.  Unfortunately, neither the Court of Appeals' mandate, nor this Court's July 28, 2005 judgment for Witco, included any instructions or direction whatsoever regarding the calculation or allowance of interest.  See id; See also **Exhibit C**.  Furthermore, Witco did not move for the amendment of the Court of Appeals' mandate to reflect such interest, nor has it petitioned for a hearing on the allowance of interest.  See generally, Docket, Civ. No. 96-110E.

### III.   APPLICABLE RULES AND STATUTES

Pennsylvania Rule of Civil Procedure 3147 sets forth the general rule that Garnishee National City cannot be liable to Witco unless it is found, upon the pleadings, to have had "possession" of Herzog Brothers' property. Even then, however, the Rule does not state when interest begins to accrue on Witco's judgment against National City. Rule 3147 states:

> ***If the court enters judgment for the plaintiff and against the garnishee upon pleadings*** *or after trial, the judgment shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment of the plaintiff against the defendant together with interest and costs.*

PA. R. CIV. PRO. 3147.

The judgment at issue in the present civil case was entered against Garnishee National City in the United States District Court for the Western District of Pennsylvania. Accordingly, Federal law provides in relevant part:

> Interest shall be allowed on any money judgment in a civil case recovered in a district court . . . . ***Such interest shall be calculated from the date of the entry of the judgment***, at a rate equal to the weekly average 1-year constant maturity Treasury yield, as published by the Board of Governors of the Federal Reserve System, for the calendar week preceding. [sic] the date of the judgment.

28 U.S.C.A. § 1961(a).

Finally, because Witco appealed this Court's original judgment against it to the United States Court of Appeals for the Third Circuit, the Federal Rules of Appellate Procedure apply in determining the date on which interest begins to accrue on Witco's judgment against National City. Specifically, Federal Rule of Appellate Procedure 37 governs "Interest on Judgment," and states in relevant part: "[i]f the court modifies or reverses a judgment with a direction that a

money judgment be entered in the district court, the mandate must contain instructions about the allowance of interest." FED. R. APP. PRO. 37(b).

IV.     LAW AND ARGUMENT

National City does not dispute that Witco is entitled to interest on its judgment against National City. Federal law grants such a right. See 28 U.S.C.A. § 1961(a). The plain statutory language of § 1961(a) allows a party to recover interest accruing "from the date of the entry of the judgment." Id. See also Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835 (1990). However, the impact of § 1961(a) on Witco's rights in this case is not so simple. In the present case, there were two judgments entered by this Court in the dispute between Witco and National City with respect to the legal issue of whether National City had "possession" of Herzog Brothers' property for purposes of garnishment law. First, there was the original judgment of this Court in National City's favor, which held that, under Pennsylvania garnishment law, National City did not have "possession" of Herzog Brothers' property, and therefore did not owe the $509,216.52 to Witco. Second, this Court entered a later judgment in favor of Witco based on the Supreme Court of Pennsylvania's newfound legal definition of "possession" of a debtor's property under Pennsylvania garnishment law, which ultimately rendered National City liable for the $509,216.52.

A.      **Federal Rule of Appellate Procedure 37 Governs the Calculation of Interest**

Federal Rule of Appellate Procedure 37 governs the award of interest following an appeal to a circuit court. If a court of appeals affirms a money judgment, interest accrues from the date that the district court originally entered its judgment. See FED. R. APP. PRO. 37(a). On the other hand, if the court of appeals modifies or reverses the district court's judgment with an order that the district court enter a money judgment, the court of appeals' mandate must contain

instructions about the allowance of interest.  See FED R. APP. PRO. 37(b).  Here, however, the Court of Appeals' mandate, which vacated and remanded the District Court's original judgment and ordered that a new judgment be entered by this Court in accordance with the mandate, failed to provide any instruction as to the calculation or allowance of interests and costs.  The Supreme Court of the United States has recognized that, sometimes, a court of appeals will inadvertently neglect to provide such instructions regarding the calculation of interest.  In addressing such a situation, the Supreme Court established the "Briggs rule."

In Briggs v. Pennsylvania, 334 U.S. 304 (1948), the Supreme Court of the United States held that a district court may not deviate from a court of appeals' mandate, and therefore may not award interest on a judgment in an amount not otherwise authorized.  In Briggs, a jury returned a verdict for the plaintiff in the amount of $42,500.  Notwithstanding the verdict, the district court granted the defendant's motion to dismiss the action for lack of jurisdiction.  Id. at 305.  On appeal, the court of appeals reversed the judgment and directed that the district court enter judgment on the verdict for the plaintiff.  Id.  However, the court of appeals' mandate was silent with respect to the allowance of interest.  Id.  On remand, the district court added to the money judgment interest from the date of the verdict to the date that the judgment was entered.  Id.

In addressing the disputed interest added by the district court, the court of appeals subsequently modified the district court's judgment to exclude the unauthorized interest.  Id.  The Supreme Court of the United States granted certiorari.  Id.  Ultimately, the Supreme Court held that, absent a court of appeals' mandate providing for the allowance of interest, the district court has no power to deviate from the mandate by authorizing a judgment in an amount different from that directed by the court of appeals.  Id. at 306-07.  The Court declared that only a motion to amend the mandate, if granted, can effectuate an enlargement of a judgment amount.

Id. at 305-06.  Accordingly, under the Briggs rule, this Court may not award to Witco any amount of interest not otherwise authorized.  Here, however, the Court of Appeals did not authorize any amount of interest.  Therefore, the calculation of interest must follow the body of federal case law governing the effect that Federal Rule of Appellate Procedure 37 has on the facts of this case.

### B.    Witco is Only Entitled to Interest from the Date of Judgment on Remand

It is crucial to note in this case that the Court of Appeals vacated this Court's original judgment.  It is well settled that a judgment vacated on appeal is of no further force and effect.  Riha v. Int'l Tel. & Telegraph Corp., 533 F.2d 1053, 1054-55 (8th Cir. 1976), citing Simpson v. Motorists Mut. Ins. Co., 494 F.2d 850 (7th Cir.), cert denied, 419 U.S. 901 (1974).  The Court of Appeals for the Eighth Circuit, in Riha v. Int'l Tel. & Telegraph Corp., held that, where it vacated an award of damages as being excessive, and remanded the case back to the district court with directions that the district court enter a judgment "in a sum which fairly and reasonably compensates the plaintiff," the plaintiff was only entitled to interest from the date of the judgment on remand.  Riha, 533 F.2d. at 1055.  Also, the court decided that the plaintiff had failed to file a petition for rehearing requesting "instructions with respect to the allowance of interest" under Rule 37, and, therefore, there existed no injustice sufficient to warrant a recall or alteration of the court of appeals' mandate.  Id.

Moreover, in Kaiser Aluminum & Chemical Corp. v. Bonjorno, the Supreme Court of the United States held that *interest only begins to accrue from the date of the entry of a later judgment following a court of appeals' decision vacating a district court's original judgment*.  494 U.S. 827, 830 (1990).  That case originated in the United States District Court for the Eastern District of Pennsylvania.  There, a jury trial resulted in a verdict for the defendant.  Id. at

-7-

830.  Judgment was then entered on August 22, 1979.  Id.  However, the district court found that the evidence did not support the verdict and, therefore, granted the plaintiff's motion for a new trial as to damages only.  Id.  A limited retrial on damages resulted in an even larger verdict for the defendant.  Id.  The second judgment was then entered on December 4, 1981.  Id.  Thereafter, on a motion by the plaintiff, the district court reduced the damages amount.  Id.  The defendant then appealed the reduction of damages.  Id.

On appeal to the Third Circuit, in Bonjorno, the Court of Appeals reversed the district court's reduction of damages, vacated the judgment, and reinstated and affirmed the second, December 4, 1981 judgment.  Id.  A dispute then ensued between the parties as to whether interest should accrue from the date of the original August 22, 1979 judgment, or the second December 4, 1981 judgment.  Id. at 835.  Ultimately, the Supreme Court of the United States held that interest accrued only from the later December 4, 1981 judgment.  Id. at 836.  In support of its holding, the Supreme Court recognized that the purpose of awarding interest is only to compensate a successful plaintiff for his loss of interest from the time that damages are "ascertained" and the time of the defendant's payment of the judgment.  Id. at 835-36.  Where an original judgment is not supported, the damages have not been "ascertained" in any meaningful way.  Id. at 836.

Moreover, at least two other circuits follow the rule that *where an original judgment is vacated in its entirety on appeal for lack of legal or factual basis, interest accrues only from the date of the later judgment on remand.*  See Lewis v. Whelan, 99 F.3d 542, 546 (2nd Cir. 1996) (distinguishing situations in which a judgment is affirmed on appeal, and those in which a judgment is vacated and remanded for lack of legal or factual basis); Adkins v. Asbestos Corp., LTD., 18 F.3d 1349, 1352 (6th Cir. 1994) (holding that interest accrued only from the date of the

judgment on remand, even though on appeal, the court of appeals had affirmed liability, because the district court's original award of damages was unjustified by both fact and law), relying on Bonjorno, 494 U.S. 827 (1990).  Thus, it is clear that only "where the original judgment is basically sound but is modified on remand," will interest ever accrue from the date of the original judgment.  Cordero v. De Jesus-Mendez, 922 F.2d 11, 18 (1st Cir. 1990) (holding that the rule of Bonjorno did not apply because the court of appeals had remanded the case back to the district court based on, among other things, the judge's error in instructing the jury on damages, which had led the court of appeals to believe that the jury may have awarded duplicative damages).

In the present case, following this Court's original judgment, Witco appealed to the United States Court of Appeals for the Third Circuit of Pennsylvania.  Sensing that there were novel Pennsylvania garnishment law issues at stake, the Court of Appeals certified questions to the Supreme Court of Pennsylvania.  Then, for the first time ever under Pennsylvania garnishment law, the Pennsylvania high court held that a debtor's purchase of bank cashiers' checks with cash and personal checks constitutes the transfer of "possession" of the debtor's property, even though no money is ever deposited into the debtor's account with the bank.  The Supreme Court of Pennsylvania ultimately concluded that National City was liable for the $509,216.52.  Following the resolution of this unusual legal issue, the Court of Appeals vacated this Court's original judgment in its entirety and remanded the case back to this Court.  In the present case, the Court of Appeals' mandate was silent with respect to the calculation or allowance of interest.  Despite such silence, Witco still failed to:  (1) file a motion for amendment of the Court of Appeals' mandate; and (2) file a petition for a hearing requesting "instructions with respect to the allowance of interest."  Consequently, under the Briggs rule, this

Court cannot now award interest other what is permissible under the foregoing federal case law.

On remand, this Honorable Court entered the later, second judgment in favor of Witco based on Pennsylvania's newfound legal definition of "possession" of a debtor's property under Pennsylvania Rules of Civil Procedure 3101(b)(2) and 3147 pertaining to a garnishee's liability. Thus, this Court eventually entered a judgment for Witco based on a legal conclusion that was completely opposite from this Court's initial Order granting National City's Motion for Summary Judgment. The original judgment on the parties' underlying dispute over whether National City owed $509,216.52 to Witco cannot be considered to have been "basically sound." To the contrary, in light of the very recent development in Pennsylvania garnishment law, the original judgment can only be said to have lacked a legal basis. Therefore, on July 28, 2005, following the Court of Appeals' mandate vacating and remanding this Court's original judgment, National City's actual legal liability as a garnishee was established for the first time. Under the foregoing federal case law, as discussed *supra*, interest on Witco's judgment against National City may only accrue from the date of this Court's judgment on remand from the Court of Appeals.

V.    **CONCLUSION**

For the foregoing reasons, National City Bank of Pennsylvania respectfully requests that this Honorable Court enter an Order clarifying that interest on Witco's money judgment against National City in the amount of $509,216.52 may only be calculated from July 28, 2005, the date on which this Court entered judgment in favor of Witco, to the date that National City pays the judgment.

<table>
<tr><td>Dated:  September 16, 2005</td><td>Respectfully submitted,<br><br>/s/ C. James Zeszutek<br>C. James Zeszutek, Esq.<br>Pa. I.D. No. 22071<br>jzeszutek@thorpreed.com<br><br>Jeffrey J. Conn, Esq.<br>Pa. I.D. No. 56198<br>jconn@thorpreed.com<br><br>Jeffrey J. Lorek, Esq.<br>Pa. I.D. No. 93447<br>jlorek@thorpreed.com<br><br>THORP REED & ARMSTRONG<br>Firm I.D. No. 282<br>One Riverfront Center<br>Pittsburgh, PA  15222-4895<br>Tel. No.:  412/ 394-7711<br>Fax No.:  412/ 394-2555<br><br>*Attorneys for Garnishee*<br>*National City Bank of Pennsylvania*</td></tr>
</table>

-11-

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Memorandum of Law in Support of Motion for Clarification as to When Interest Begins to Accrue on Judgment** has been served upon counsel of record this 16th day of September, 2005, by electronic notice of filing, as follows:

> David V. Weicht, Esquire
> Leech Tishman Fuscaldo & Lampl
> 525 William Penn Place
> 30th Floor, Citizens Bank Building
> Pittsburgh, PA  15219

> /s/ C. James Zeszutek
> C. James Zeszutek, Esq.
> Pa. I.D. No. 22071
> jzeszutek@thorpreed.com
>
> Jeffrey J. Conn, Esq.
> Pa. I.D. No. 56198
> jconn@thorpreed.com
>
> Jeffrey J. Lorek, Esq.
> Pa. I.D. No. 93447
> jlorek@thorpreed.com
>
> THORP REED & ARMSTRONG
> Firm I.D. No. 282
> One Riverfront Center
> Pittsburgh, PA  15222-4895
> Tel. No.:  412/ 394-7711
> Fax No.:  412/ 394-2555
>
> *Attorneys for Garnishee*
> *National City Bank of Pennsylvania*

00650592.DOC