IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION No. 96-110 ERIE |
| | ) | |
| v. | ) | Misc. No. 96-75 ERIE |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| *Garnishee.* | ) | |

## MOTION TO LIQUIDATE JUDGMENT
## AND TO ASSESS ATTORNEY FEES

AND NOW COMES, Plaintiff, by and through its counsel, Leech Tishman Fuscaldo & Lampl, LLC, and hereby respectfully submits the following Motion to Liquidate Judgment and to Assess Attorney Fees.

### I.    LIQUIDATION OF JUDGMENT

1.    On June 5, 1996, Plaintiff, Witco Corporation ("Witco"), obtained a judgment against Defendant, Herzog Brothers Trucking, Inc. ("Herzog Brothers"), in the amount of $509,216.52.

2.    On July 5, 1996, Witco served a Writ of Execution on National City Bank ("National City") as garnishee.

3.    Subsequent to the service of the Writ on National City, Herzog Brothers and National City engaged in a series of transactions during which Herzog Brothers provided cash

and checks worth in excess of $6,000,000.00 to National City, in exchange for which National City provided cashier's checks to Herzog Brothers.

4.    After discovering these transactions, Witco filed a Motion to Compel Payment and a Second Motion to Compel Payment with this Court, both of which sought to establish National City's liability to Witco as the result of National City's violation of its obligations as garnishee.

5.    This Court considered Witco's Second Motion to Compel Payment and National City's Response as cross motions for summary judgment on the issue of National City's liability as garnishee.

6.    On April 3, 2002, this Court granted National City's Motion for Summary Judgment and denied Witco's Motion for Summary Judgment.

7.    Witco appealed the April 3, 2002 order to the United States Court of Appeals for the Third Circuit.

8.    Following briefing and oral argument, the Third Circuit certified three questions of Pennsylvania state law to the Supreme Court of Pennsylvania.

9.    In answering the certified questions, the Pennsylvania Supreme Court held that:

    a.    National City had possession of the checks and cash of Herzog Brothers during the course of the cashier's check transaction;

    b.    National City had a duty imposed by Rule 3111(c) to refrain from paying debts to or on account of Herzog Brothers despite the fact that the transactions were brief in duration; and

    c.    Pennsylvania public policy prohibited National City, as a garnishee bank with notice of a judgment order, from engaging in transactions with Herzog Brothers that it knew, or should have known, would facilitate Herzog Brothers in an attempt to avoid the lawful garnishment of its assets.

2

A copy of the Opinion of the Pennsylvania Supreme Court is attached hereto as Exhibit "A."

      10.    On June 10, 2005, the Third Circuit issued an opinion in which it noted that each of the three conclusions of the Pennsylvania Supreme Court was contrary to the position of National City and in favor of the position of Witco. The Opinion also stated that the matter would be remanded to this Court for further proceedings to be conducted in accordance with the decision of the Pennsylvania Supreme Court. A copy of the June 10, 2005 Opinion of the Third Circuit is attached hereto as Exhibit "B."

      11.    In conjunction with that Opinion, the Third Circuit entered a Judgment on June 10, 2005, which vacated the April 3, 2002 Order of this Court and remanded for further proceedings. A copy of the June 10, 2005 Judgment is attached hereto as Exhibit "C."

      12.    Following remand, this Court entered an order on July 28, 2005 which granted Witco's Motion for Summary Judgment (Document No. 11) and denied National City's Motion for Summary Judgment (Document No. 17). The July 28, 2005 Order further entered judgment in favor of Witco Corporation. A copy of this Court's July 28, 2005 Order is attached hereto as Exhibit "D."

      13.    The Motion which was granted by the Court on July 28, 2005 specifically demanded "judgment against garnishee, National City, in the amount of $509,216.52, together with interest, attorneys fees and costs of suit." A copy of Witco's Motion is attached hereto as Exhibit "E."

      14.    The judgment entered in favor of Witco and against National City on July 28, 2005 was unliquidated.

      15.    Neither the Pennsylvania Supreme Court nor the Court of Appeals for the Third Circuit directed the entry of a money judgment against National City in any specific amount.

16.    Pursuant to the opinion of the Third Circuit, this Court must proceed in accordance with the decision of the Pennsylvania Supreme Court to liquidate the judgment.

17.    Liquidation of the judgment against National City as garnishee is a proceeding in aid of execution which is governed by Pennsylvania state law.  Fed.R.Civ.P. 69.

18.    Under Pennsylvania law, judgment against a garnishee is governed primarily by Pa.R.Civ.P. 3147, which provides that a judgment entered for the plaintiff and against the garnishee upon pleadings or after trial "shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment against the defendant *together with interest and costs*." (emphasis added).

19.    The Pennsylvania Supreme Court found that the property of Herzog Brothers found to be in National City's possession was in excess of $6,000,000.00.

20.    Since this amount is in excess of the judgment held by Witco against Herzog Brothers, together with interest and costs, Rule 3147 requires this Court to enter judgment against National City for the amount of judgment against Herzog Brothers, *together with interest and costs*.

21.    Interest on the judgment against Herzog Brothers is governed by 28 U.S.C. § 1961.

22.    Interest on the judgment against Herzog Brothers has been accruing since it was entered on June 5, 1996 at the rate of 5.62%, compounded annually.  28 U.S.C. § 1961, table.

23.    The total amount of accrued interest from June 5, 1996 through September 16, 2005 at the rate of 5.62%, compounded annually, is $336,941.47.

4

24.    On September 16, 2005, National City paid the principal amount of the judgment ($509,216.52) to Witco, leaving a balance of $336,941.47.

25.    Interest continues to accrue on the balance of $336,941.47 at the rate of 5.62%.

26.    As of October 11, 2005, additional interest has accrued in the amount of $1,245.12, leaving a total balance of interest accrued of $338,186.59.

27.    Interest on the $336,941.47 continues to accrue at the rate of $51.88 per day until the full amount is paid.

28.    As of October 11, 2005, the total amount of the judgment against Herzog Brothers, including accrued interest, is $847,403.05.

29.    The record costs incurred by Witco total $663.47.

## II.    ASSESSMENT OF ATTORNEY'S FEES

30.    Pursuant to Pa.R.Civ.P. 3111(d), this court may sanction National City for violation of its duties as garnishee.

31.    The Pennsylvania Supreme Court determined that National City and Herzog Brothers engaged in an extended course of conduct that permitted Herzog Brothers to avoid the garnishment of its assets. *Witco Corp. v. Herzog Brothers Trucking, Inc.*, ___ Pa. ___, ___, 863 A.2d 443, 450 (2004).

32.    The Pennsylvania Supreme Court further found that National City permitted this conduct and derived its own financial benefit, making it a player and not an innocent bystander. *Id.*, 843 A2d at 450-451.

33.    Witco's Motion for Summary Judgment (Document No. 11) (entitled "Second Motion to Compel Payment" by Witco) specifically demanded "judgment against garnishee,

National City, in the amount of $509,216.52, together with *interest, attorneys fees and costs of suit*." (*emphasis added*)  *See* Exhibit "E."

34.    Accordingly, in granting Witco's Motion, this Court has already awarded not only interest and costs of suit, but also attorney's fees.

35.    Witco requests this Court to assess reasonable attorney's fees against National City pursuant to Pa.R.Civ.P. 3111(d), the opinion of the Pennsylvania Supreme Court, and the Order of July 28, 2005.

WHEREFORE, Plaintiff, Witco Corporation, respectfully requests that this Court enter judgment in favor of Witco Corporation and against National City for $509,216.52, as well as interest accrued on that amount since June 5, 1996, costs and attorneys fees.

Dated: October $\underline{ll}$, 2005

Respectfully submitted,

Leech Tishman Fuscaldo & Lampl, LLC

_____
David V. Weicht, Esquire
PA I.D. #65191

525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

Attorney for Plaintiff,
Witco Corporation

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION No. 96-110 ERIE |
| | ) | |
| v. | ) | Misc. No. 96-75 ERIE |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| *Garnishee.* | ) | |

**ORDER**

AND NOW this _____ day of _____, 2005, upon consideration of Motion to Liquidate Judgment, it is hereby ORDERED that said Motion is GRANTED. The Judgment against National City Bank of Pennsylvania shall be calculated as follows:

a) Principal Amount                                     $509,216.52
b) Interest on $509,216.52 from 6/5/96 through
   9/16/05 at 5.62%, compounded annually     $336,941.47
c) Interest on $336,941.47 from 9/17/05 through
   10/11/05 at 5.62%, compounded annually    $1,245.12
d) Interest on $336,941.47 from 10/12/05 through
   _____ at 5.62%, compounded annually         $_____
e) Costs                                                    $663.47
f) Attorney's fees                                       $_____

By the Court,

J. _____

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Motion to Liquidate Judgment and to Assess Attorney Fees was served this _11_ day of October, 2005, by first class United States mail, postage prepaid upon the following:

> **C. James Zeszutek, Esquire**
> **Thorp, Reed & Armstrong**
> **One Oxford Centre**
> **301 Grant Street, 14th Floor**
> **Pittsburgh, PA  15219-1425**