NOT PRECEDENTIAL

IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

Case No: 02-2252

WITCO CORPORATION,
Appellant

v.

HERZOG BROTHERS TRUCKING, INC.,

v.

NATIONAL CITY BANK,
Garnishee

On Appeal from the United States District Court
for the Western District of Pennsylvania
District Court No.: Misc. No. 96-75 Erie
District Judge: The Honorable Sean J. McLaughlin

Argued January 10, 2003

Before: SCIRICA, *Chief Judge*, BARRY and SMITH, *Circuit Judges*

(Filed: June 10, 2005)

David V. Weicht (argued)
Leech, Tishman, Fuscaldo & Lampl
525 William Penn Place
30th Floor, Citizens Bank Building
Pittsburgh, PA 15219
    Counsel for Appellant


Exhibit B

C. James Zeszutek (argued)
Jeff D. Aronsohn, Jr.
Thorp Reed & Armstrong, LLP
One Oxford Centre
301 Grant St., 14th Fl.
Pittsburgh, PA 15219-1425
    Counsel for Appellee-Garnishee

OPINION

SMITH, *Circuit Judge.*

The salient facts of this appeal are uncontested and well-known to the parties, and will not be recounted here. This dispute came before this Court on January 10, 2003, on appeal from an Order of the United States District Court for the Western District of Pennsylvania. The District Court granted summary judgment for the defendant-garnishee National City Bank on the ground that the garnishee never received "possession" of certain funds of the debtor, Herzog Brothers Trucking, Inc., as that word is defined under Pennsylvania garnishment law, that the plaintiff-garnishor Witco Corporation could attach. Having read the briefs and submissions of the parties and having heard oral argument, the panel concluded that the appeal raised serious and unanswered questions concerning the proper interpretation of the Pennsylvania Rules of Civil Procedure, Pa.R.Civ.P. 3101, Pa.R.Civ.P. 3111, and Pennsylvania public policy toward garnishment.

On February 3, 2003, we petitioned the Pennsylvania Supreme Court for

certification of three questions of Pennsylvania law which govern the appeal. The Pennsylvania Supreme Court granted our petition on January 6, 2004 and issued its decision on December 21, 2004. *Witco Corp. v. Herzog Brothers Trucking, Inc.*, 863 A.2d 443 (Pa. 2004); *see id.* at 444 (stating the three questions raised in the petition and answered in the opinion).

The Pennsylvania Supreme Court concluded:

> (1) that National City Bank "was in possession of the checks and cash once Herzog turned them over to the Bank's tellers, for the purposes of Rule 3101(b), notwithstanding that Herzog did not formally deposit the funds into Herzog Brothers' account with the Bank," *id.* at 446-47;
>
> (2) that this "possession obligated the Bank to hold the funds for Witco in accordance with Rule 3111(c)," *id.* at 449; and
>
> (3) that "the public policy of Pennsylvania prohibits a garnishee bank with notice of a judgment order from engaging in transactions with the judgment debtor that it knows or should know will facilitate the judgment debtor in attempts to avoid the lawful garnishment of its assets." *Id.* at 451.

Each of the Pennsylvania Supreme Court's conclusions is contrary to the position of National City Bank, and is in favor of that of Witco. Therefore, we will vacate the judgment of the District Court, and will remand this case for further proceedings to be conducted in accordance with the decision of the Pennsylvania Supreme Court.