IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION No. 96-110 ERIE |
| | ) | |
| | ) | Misc. No. 96-75 ERIE |
| v. | ) | |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of PENNSYLVANIA, | ) | |
| | ) | |
| *Garnishee.* | ) | |

## SECOND MOTION TO COMPEL PAYMENT

AND NOW COMES, Plaintiff, by and through its counsel, Santoro & Reinsel, LLC, and hereby respectfully submits the following Second Motion to Compel Payment:

1. Plaintiff, Witco Corporation, ("Witco") is a corporation organized and existing under the laws of the state of Delaware with its principal place of business at One American Lane, Greenwich, Connecticut.

Exhibit E

2. Garnishee, National City Bank of Pennsylvania, ("National City") is a corporation organized and existing under the laws of the United States of America with its principal place of business at 22 Stanwix Street, Pittsburgh, Pennsylvania.

3. The amount in controversy exceeds the sum of seventy five thousand dollars ($75,000.00), exclusive of interest and costs.

4. This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. §1332 (complete diversity of citizenship and amount in controversy) and 28 U.S.C. §1367 (supplemental jurisdiction).

5. Venue lies in this judicial district pursuant to 28 U.S.C §1391(a)(2), because a substantial part of the events giving rise to Witco's claim occurred in this judicial district and 28 U.S.C §1391(c) because National City resides in this judicial district.

6. On or about June 5, 1996, Witco obtained a judgment in the United States District Court for the Western District of Pennsylvania at Civil No. 96-110E against Herzog Brothers Trucking, Inc. ("Herzog Brothers") in the amount of five hundred nine thousand two hundred sixteen and fifty two one hundredths dollars ($509,216.52) plus costs of suit. A true and correct copy of that judgment is attached hereto as Exhibit "A" and incorporated by reference as though fully set forth herein.

7. On July 2, 1996, a Writ of Execution issued directing the United States Marshall for the Western District of Pennsylvania to "attach the property of (Herzog Brothers) in the possession of National City . . . as garnishee . . . ."

8. On July 5, 1996, the Writ of Execution was served on National City.

9. Effective upon service of the Writ of Execution, all property of Herzog Brothers in the possession of National City and all property of Herzog Brothers which subsequently came into the possession of National City between the time of service of the Writ of Execution and the entry of judgment pursuant thereto was subject to an attachment in favor of Witco. See Rule 69(a) of the Federal Rules of Civil Procedure; Rule 3111(b) of the Pennsylvania Rules of Civil Procedure.

10. Effective upon service of the Writ of Execution, National City was enjoined and restrained from paying any debt to or for the account of Herzog Brothers and from delivering any property of Herzog Brothers to anyone except the court or otherwise disposing thereof until further order of court or discontinuance or termination of the attachment. See Rule 69(a) of the Federal Rules of Civil Procedure; Rule 3111(c) of the Pennsylvania Rules of Civil Procedure.

11. On July 5, 1996, Interrogatories to Garnishee (the "Interrogatories") were served on National City. On or about July 22, 1996, National City answered the Interrogatories. A true and correct copy of National City's Answer (the "Answer") is attached hereto as Exhibit "B".

12. The Answer indicated that as of July 22, 1996, National City held the sum of one thousand three hundred seventy nine and fifty-two one hundredth dollars ($1,379.52) which was the property of Herzog Brothers. (See Exhibit "B").

13. The Answer further indicated that National City had not paid, transferred or delivered any money to Herzog Brothers or to any person or place pursuant to its direction. (See Exhibit "B").

20. Then-counsel for Witco, Michael R. Plummer, Esquire, conducted additional discovery by obtaining copies of certain National City documents and by deposing three National City employees: Dianne Blair, Tammy Lynn Coldren and Margaret Tornatela.

21. Those depositions detailed the method by which Herzog Brothers obtained the "official checks" from National City.

22. Because those depositions and attached exhibits are subject to a Confidentiality Agreement executed by the parties, copies have been filed separately under seal pursuant to Court Order.

23. After conducting the discovery, Mr. Plummer failed to re-submit the Motion or otherwise bring this matter to the attention of the Court. Witco eventually retained the undersigned as substitute counsel.

24. The record in this case, including the deposition transcripts, demonstrates that following the service of the Writ of Execution on National City in this case, National City was in possession of property of Herzog Brothers worth in excess of $6,000,000.00, all in violation of its obligation as garnishee.

25. Judgment has never been entered against National City in regard to the attachment effected by the Writ of Execution.

26. Accordingly, National City is liable to Witco to the extent that it held assets which could have been used to satisfy the judgment in this case.

WHEREFORE, Plaintiff Witco Corporation, demands judgment against Garnishee, National City, in the amount of $509,216.52, together with interest, attorney's fees and costs of suit.

Dated: July 12, 2001

Respectfully submitted,

SANTORO & REINSEL, LLC

Steven M. Reinsel, Esquire
PA I.D. #66808

David V. Weicht, Esquire
PA I.D. #65191

1910 Koppers Building
Pittsburgh, PA 15219

Attorney for Plaintiff,
Witco Corporation