IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| *Plaintiff,* | ) | CIVIL ACTION No. 96-110 ERIE |
| | ) | |
| v. | ) | Misc. No. 96-75 ERIE |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| *Defendant,* | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of | ) | |
| PENNSYLVANIA, | ) | |
| | ) | |
| *Garnishee.* | ) | |

**BRIEF IN SUPPORT OF MOTION TO LIQUIDATE
JUDGMENT AND TO ASSESS ATTORNEY'S FEES**

AND NOW COMES, Plaintiff, by and through its counsel, Leech Tishman Fuscaldo &
Lampl, LLC, and hereby respectfully submits the following Brief in Support of Motion to
Liquidate Judgment and to Assess Attorney's Fees:

## I.    FACTS

The present litigation began as a dispute between Plaintiff, Witco Corporation ("Witco"),
and Defendant, Herzog Brothers Trucking, Inc. ("Herzog Brothers"). On June 5, 1996, Witco
obtained a judgment against Herzog Brothers in the amount of $509,216.52. On July 5, 1996,
Witco served a Writ of Execution on National City Bank ("National City") as garnishee.
Subsequent to the service of the Writ on National City, Herzog Brothers and National City
engaged in a series of transactions during which Herzog Brothers provided cash and checks

worth in excess of $6,000,000.00 to National City, in exchange for which National City provided

cashier's checks to Herzog Brothers.

After discovering these transactions, Witco filed a Motion to Compel Payment and a

Second Motion to Compel Payment with this Court, both of which sought to establish National

City's liability to Witco as the result of National City's violation of its obligations as garnishee.

This Court considered Witco's Second Motion to Compel Payment and National City's

Response as cross motions for summary judgment on the issue of National City's liability as

garnishee.  On April 3, 2002, this Court granted National City's Motion for Summary Judgment

and denied Witco's Motion for Summary Judgment.

Witco appealed the April 3, 2002 order to the United States Court of Appeal for the

Third Circuit.  Following briefing and oral argument, the Third Circuit certified three questions

of Pennsylvania state law to the Supreme Court of Pennsylvania.   In answering the certified

questions, the Pennsylvania Supreme Court held that:

> a.    National City had possession of the checks and cash of Herzog
>        Brothers during the course of the cashier's check transaction;
>
> b.    National City had a duty imposed by Rule 3111(c) to refrain from
>        paying debts to or on account of Herzog Brothers despite the fact
>        that the transactions were brief in duration; and
>
> c.    Pennsylvania public policy prohibited National City, as a garnishee
>        bank with notice of a judgment order, from engaging in
>        transactions with Herzog Brothers that it knew, or should have
>        known, would facilitate Herzog Brothers in an attempt to avoid the
>        lawful garnishment of its assets.

A copy of the Opinion of the Pennsylvania Supreme Court is attached to Witco's Motion as

Exhibit "A."

On June 10, 2005, the Third Circuit issued an opinion in which it noted that each of the three conclusions of the Pennsylvania Supreme Court was contrary to the position of National City and in favor of the position of Witco. The opinion further stated that the matter would be remanded to this Court for further proceedings to be conducted in accordance with the decision of the Pennsylvania Supreme Court. A copy of the June 10, 2005 Opinion of the Third Circuit is attached to Witco's Motion as Exhibit "B." In conjunction with that Opinion, the Third Circuit entered a Judgment on June 10, 2005, which vacated the April 3, 2002 Order of this Court and remanded for further proceedings in accordance with the Opinion of the Third Circuit. That Order did not direct the entry of a money judgment in any particular amount. A copy of the June 10, 2005 Judgment is attached to Witco's Motion as Exhibit "C."

Following remand, this Court entered an order on July 28, 2005 which granted Witco's Motion for Summary Judgment (Document No. 11) and denied National City's Motion for Summary Judgment (Document No. 17). The July 28, 2005 Order further entered judgment in favor of Witco Corporation. A copy of this Court's July 28, 2005 Order is attached to Witco's Motion as Exhibit "D." The judgment entered in favor of Witco and against National City on July 28, 2005 was unliquidated. To date, no money judgment has been entered against National City. On September 16, 2005, National City made a payment of $509,216.52 to Witco.

## II.     ARGUMENT

### A. Liquidation of Judgment

Since no money judgment has been entered against National City, this Court must liquidate the judgment which was entered on July 21, 2005. Liquidation of the judgment against National City as garnishee is a proceeding in aid of execution. Accordingly, this Court must look to Pennsylvania state law. Fed.R.Civ.P. 69. Under Pennsylvania law, judgment against a

garnishee under the circumstances of this case is governed by Pa.R.Civ.P. 3147, which provides that a judgment entered for the plaintiff and against the garnishee upon pleadings or after trial "shall be for the property of the defendant found to be in the garnishee's possession, but no money judgment entered against the garnishee shall exceed the amount of the judgment against the defendant *together with interest and costs*." (emphasis added).[1]

Pursuant to Rule 3147, this Court must determine (i) the amount of Herzog Brothers property which was in possession of National City, and (ii) the amount of the judgment against Herzog Brothers, together with interest and costs. After these amounts are calculated, Rule 3147 requires that judgment be entered against National City for the lesser of the two amounts.

In accordance with the decision of the Pennsylvania Supreme Court, the property of Herzog Brothers which was in National City's possession was in excess of $6,000,000.00. *See Witco Corp. v. Herzog Brothers Trucking, Inc.*, ___ Pa. ___, ___, 863 A.2d 443, 446-447 (2004). This amount greatly exceeds the amount of the judgment against Herzog Brothers, together with accrued interest and costs. Accordingly, this Court cannot enter judgment against National City for the full value of the property of Herzog Brothers found to be in National City's possession, but must instead enter judgment for the amount of the judgment against Herzog Brothers, *together with interest and costs*.

The calculation of interest with respect to the Herzog Brothers judgment is governed by 28 U.S.C. § 1961.[2] Pursuant to that statute, interest is calculated from the date of the entry of judgment (June 5, 1996), at a rate equal to the coupon issue yield equivalent (as determined by

---

[1] National City acknowledges that Rule 3147 is applicable here (see National City Memorandum at p. 4).

[2] National City recognizes that 28 U.S.C. § 1961 governs the calculation of interest with respect to judgments entered by this Court (see National City Memorandum at p. 4). This statute applies equally to the judgment entered against Herzog Brothers.

the Secretary of the Treasury) of the average accepted auction price for the last action of fifty-two week United States Treasury bills settled immediately prior to the date of the judgment.[3]  In this case, the applicable interest rate is 5.62%.  28 U.S.C. § 1961, table.  Interest is to be computed daily to the date of payment and is to be compounded annually.  28 U.S.C. § 1961(b).

From the date of the entry of the judgment (June 5, 1996) until September 16, 2005 (when National City paid $509,216.52 to Witco), accrued interest at the rate of 5.62%, compounded annually, totals $336,941.47.  Since full payment has not been made, interest has continued to accrue since September 16, 2005 on the remaining balance of $336,941.47 at the rate of 5.62%.  28 U.S.C. § 1961(b).  From September 17, 2005 through the date of the filing of this Motion and Brief (October 11, 2005), additional accrued interest totals $1,245.12.  Interest on the balance of $336,941.47 continues to accrue at the rate of $51.88 per day.[4]  The record costs incurred by Witco in this case total $663.47.

As of October 11, 2005, the total amount of the judgment against Herzog Brothers, together with accrued interest and costs, is $848,066.58.[5]  Pursuant to Rule 3147, judgment must be entered against National City for that amount, as well as any additional accrued interest until the date that judgment is entered, costs and attorney's fees.

---

[3]  This reflects the language of 28 U.S.C. § 1961 as of June 5, 1996, the date of the entry of the judgment against Herzog Brothers.

[4]  Computer printouts reflecting the interest calculations are attached hereto as Exhibit "A."

[5] Principal amount: $509,216.52

| | |
|---|---|
| Interest on $509,216.52 from 6/5/96-9/16/05 @5.62%, compounded annually: | $336,941.47 |
| Interest on $336,941.47 from 9/17/05-10/11/05 @5.62%, compounded annually: | $  1,245.12 |
| Additional interest on $336,941.47 since 10/11/05 ($51.88/day): | $_____ |
| Costs: | $    663.47 |
| Attorney's fees: | $_____ |
| TOTAL: | $848,066.58 |

(plus additional interest and attorney's fees)

5

National City has filed a Motion for Clarification as to When Interest Begins to Accrue on Judgment.[6] That Motion is fundamentally flawed, as it is based entirely on the assumption, without citation and without explanation, that the judgment which was entered against National City on July 28, 2005 was in the same amount as the judgment entered against Herzog Brothers on June 5, 1996 ($509,215.52). In fact, National City asserts on multiple occasions that it has been found to be "liable for the $509,216.52." This statement is simply incorrect. Although National City has been found to be liable to Witco, the amount of that liability has not yet been determined.

In essence, National City asserts that its liability to Witco in 2005 is identical to the liability of Herzog Brothers to Witco in 1996. National City's Motion and Brief fail to address the fact that interest has been accruing on the judgment against Herzog Brothers since 1996.

As it did with respect to its obligations as garnishee, National City is arguing for a result which would "place[] a stranglehold on judgment creditors in their efforts to collect judgments." See Witco, supra, at ___, 863 A.2d at 451. A garnishee would have absolutely no incentive to timely comply with a writ of garnishment under the scenario argued by National City. A garnishee's liability to the judgment creditor would be limited to the principle amount of the judgment and could not include interest until the judgment creditor reduced the obligation to judgment against the garnishee.

Because National City failed to comply with its obligations as garnishee, Witco has been deprived of the use of the money which National City wrongfully retained. Witco should not be penalized by, and National City should not benefit from, National City's failure to comply with

---

[6]  In its Motion, National City claims that Federal Rule of Appellate Procedure 37(b) is applicable to this matter. That rule applies only when an appellate court reverses "with a direction that a money judgment be entered in the district court." However, the direction given by the Third Circuit did not require this Court to enter a specific money judgment, only to proceed in accordance with the decision of the Pennsylvania Supreme Court.

its obligations as garnishee. To the contrary, National City's liability must include interest which has accrued on the judgment against Herzog Brothers, as well as costs and attorney's fees.

### B. Assessment of Attorney's Fees

Witco's Motion for Summary Judgment (entitled "Second Motion to Compel Payment") included a request for attorney's fees. Pursuant to Pa.R.Civ.P. 3111(d), this Court may sanction National City for its violation of the mandate and injunctive orders of the writ of execution which had been served on National City as garnishee.

The Pennsylvania Supreme Court described the conduct of National City in this case as follows: "It is plain that [National City] and Herzog Brothers engaged in an extended course of conduct that permitted Herzog Brothers to avoid garnishment of its assets. Whether it was [National City's] and/or Herzog Brothers' deliberate intent to subvert the writ of execution and subsequent garnishment obligation matters less than the fact that such was clearly the result." *Witco, supra,* at ___, 863 A.2d at 450. That Court further noted that "[National City] permitted this conduct and even derived its own financial benefit, making [National City] a player in this activity, not an innocent bystander." *Id.* At ___, 863 A.2d at 450-451.

The July 28, 2005 Order of this Court specifically granted Witco's Motion for Summary Judgment, which included a demand for attorney's fees. In light of the conduct of National City in this case, as described by the Pennsylvania Supreme Court, Witco requests this Court to assess the attorney's fees that have been awarded against National City.

Dated: October  , 2005

Respectfully submitted,

Leech Tishman Fuscaldo & Lampl, LLC

David V. Weicht, Esquire
PA I.D. #65191

525 William Penn Place, 30th Floor
Pittsburgh, PA 15219

Attorney for Plaintiff,
Witco Corporation

8

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing Brief in

Support of Motion to Liquidate Judgment and to Assess Attorney's Fees was served this _11_

day of October, 2005, by first class United States mail, postage prepaid upon the following:

**C. James Zeszutek, Esquire**
**Thorp, Reed & Armstrong**
**One Oxford Centre**
**301 Grant Street, 14th Floor**
**Pittsburgh, PA 15219-1425**