IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WITCO CORPORATION, | ) | CIVIL DIVISION |
| | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. 96-110 ERIE |
| | ) | |
| | ) | Misc. No. 1:96-mc-00075-SJM |
| v. | ) | |
| | ) | |
| HERZOG BROTHERS TRUCKING, INC., | ) | |
| | ) | |
| Defendant, | ) | |
| | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| NATIONAL CITY BANK of Pennsylvania, | ) | |
| | ) | |
| Garnishee | ) | |

**BRIEF IN OPPOSITION TO MOTION TO
LIQUIDATE JUDGMENT AND TO ASSESS ATTORNEY'S FEES**

AND NOW COMES Garnishee, National City Bank of Pennsylvania ("National City"), by and through its counsel, C. James Zeszutek, Esq., Jeffrey J. Conn, Esq., Jeffrey J. Lorek, Esq. and Thorp Reed & Armstrong, LLP, and hereby respectfully submits this Brief in Opposition to Witco Corporation's ("Witco") Motion to Liquidate Judgment and to Assess Attorney's Fees.

**I.    INTRODUCTION**

On September 16, 2005, National City filed with this Court a Motion for Clarification as to When Interest Begins to Accrue on Judgment, as well as a Memorandum of Law in Support of Motion for Clarification. National City incorporates herein by reference all of the arguments and legal authority set forth in its Motion and Memorandum of Law.

00656867.DOC

-2-

## II.    RELEVANT FACTS

National City incorporates by reference the "Relevant Facts" as set forth in National City's Motion for Clarification as to When Interest Begins to Accrue on Judgment and Memorandum of Law in support thereof.

By way of clarification of Witco's "Facts," when the Court of Appeals for the Third Circuit vacated and remanded this Court's original judgment in favor of National City for further proceedings in accordance with the Pennsylvania Supreme Court's December 21, 2004 decision, both the Court of Appeals' mandate and the Pennsylvania Supreme Court's decision were silent with respect to the calculation of interest.  See Witco's Motion, Exhibits A-C.  They also did not provide for the award of any attorney's fees.  See id.  Therefore, when this Court, on remand on July 28, 2005, granted Witco's Motion for Summary Judgment (Second Motion to Compel Payment) in accordance with the Court of Appeals' mandate, the issue of interest and attorney's fees still had not been addressed.

National City's liability for the $509,216.52, on the other hand, was ascertained when this Court entered judgment against National City on July 28, 2005 by granting Witco's Motion for Summary Judgment in which Witco had argued that "National City is liable to Witco to the extent that it held assets which could have been used to satisfy the judgment in this case."  See Witco's Motion, Exhibit E, ¶ 26.  That amount which could have satisfied Witco's judgment against Defendant Herzog Brothers, was $509,216.52, no more and no less.  The July 28, 2005 judgment against National City is the ***only*** judgment that has been entered against it in this case.

Finally, and most importantly, on September 16, 2005, National City wire-transferred to Witco's bank account a lump sum of $509,216.52, which is the exact amount of money that Witco had obtained in the form of a judgment against Defendant Herzog Brothers.  National City

made this payment in good faith compliance with, and satisfaction of, this Court's July 28, 2005 judgment against it and in favor of Witco on summary judgment.

### III.   LAW AND ARGUMENT

National City respectfully represents to this Court that Witco has failed to offer any refutation of National City's cited authority in either of Witco's Brief in Opposition to National City's Motion for Clarification, its Motion to Liquidate Judgment and to Assess Attorney's Fees, or its Brief in Support of that Motion.

#### A.   FED. R. CIV. PRO. 69 Supports National City's Position

In its Brief in Support of Motion to Liquidate, Witco relies on Federal Rule of Civil Procedure 69, which governs the procedure on execution of a judgment for the payment of money. Witco argues that Rule 69 requires this Court to look solely at Pennsylvania Rule of Civil Procedure 3147 in determining how to award interest on a judgment. To the contrary, however, the language of Rule 69 actually supports National City's position set forth in its Memorandum of Law in Support of Motion for Clarification as to When Interest Begins to Accrue. This Court's inquiry is not limited solely to Rule 3147.

Rule 69 explicitly states that "[t]he procedure on execution . . . shall be in accordance with the practice and procedure of the state in which the district court is held, existing at the time the remedy is sought, *except that any statute of the United States governs to the extent that it is applicable*." See FED. R. CIV. PRO. 69(a). This qualifying language lends direct support for National City's position that, under 28 U.S.C. § 1961 and the line of authority interpreting §1961, this Court, in awarding interest on Witco's judgment against National City, may only award interest from the date of this Court's judgment on remand from the Court of Appeals. See National City's Memo. of Law in Support of Motion for Clarification. Under Rule 69, it is clear

-3-

that § 1961 will govern to the "extent that it is applicable." The statute is applicable in the present case for the purpose of determining how interest should be calculated and in what amount, both of which are crucial elements of Witco's execution on the judgment against National City.

Moreover, Witco itself embraces the applicability of § 1961 in its Brief in Support of Motion to Liquidate Judgment as to the amount of interest to which it erroneously believes it is entitled. Consequently, Witco has subjected itself to the line of cases under § 1961 cited by National City that allows accrued interest only from July 28, 2005, the date on which this Court first entered judgment against National City on its liability as a garnishee for the $509,216.52 judgment against Herzog Brothers.

### B.    Witco's Analysis Under PA. R. CIV. PRO. 3147 is Incorrect

Besides being precluded by 28 U.S.C. § 1961 and the case law cited by National City in its Motion for Clarification, Witco's claim for interest also fails under the Pennsylvania Rules of Civil Procedure governing garnishment. Rule 3147 states in relevant part "***but no money judgment entered against the garnishee shall exceed*** the amount of the judgment of the plaintiff against the defendant together with interest and costs." Witco argues that, under Rule 3147, it is automatically entitled to interest and costs from the date that the judgment was entered against Herzog Brothers and not National City on the $509,216.52 simply because that was the amount of the money judgment that Witco obtained against Herzog Brothers.

However, the plain language of Rule 3147 clearly makes the Rule a *ceiling* for money judgments against garnishees, setting the maximum amount of money that a plaintiff may recover from a garnishee. Thus, the very most that Witco may recover from National City is

-5-

$509,216.82, together with interest and costs.[1] However, such amount is certainly not mandatory under 3147. The Rule does not state that a money judgment against a garnishee "must" or "shall" be for that amount. To the contrary, it simply prohibits a judgment against a garnishee from exceeding the amount of the plaintiff's judgment against the defendant together with interest and costs.

Moreover, Pennsylvania Rule of Civil Procedure 3148 addresses Witco's execution of its judgment against National City. Specifically, "[i]f a money judgment is entered against the garnishee the plaintiff may have execution against the garnishee generally for the *amount of the judgment*." See PA. R. CIV. PRO. 3148(b). This language does not contemplate an award of interest on the money judgment against National City from the date that the judgment was entered against the judgment debtor. Furthermore, Rule 3148 provides for the allowance of interest on a judgment against National City *only if*, after it is found to be in possession of Herzog Brothers' property, National City fails to make the property available to Witco. See PA. R. CIV. PRO. 3148(c). Only then will Witco be entitled to the amount of its judgment against Herzog Brothers together with interest and costs. See id. Here, National City was not found liable for any amount until July 28, 2005, when this Court granted Witco's Motion for Summary Judgment (Second Motion to Compel Payment).

Therefore, while Rule 3147 generally provides that no judgment against National City may exceed a certain amount, Rule 3148 would only permit Witco to recover interest on the

---

[1] Nothing in Rule 3147, nor in Witco's Memorandum of Law in Support of Motion to Liquidate Judgment and to Assess Attorney's Fees, provides any authority as to the governing date on which interest should begin to accrue. National City's Memorandum of Law in Support of Motion for Clarification as to When Interest Begins to Accrue resolves this issue, that interest accrues as to National City on the date, July 28, 2005, that this Court entered judgment against National City.

amount of the judgment against National City if National City had failed to pay to Witco the $509,216.52 after this Court entered judgment against National City.  This is absolutely not the case.  National City paid the full amount of the judgment to Witco on September 16, 2005 after this Court held that National City was liable as a garnishee.  Accordingly, under Rule 3148, Witco's argument must fail.  The only amount of interest that National City is obligated to pay to Witco is the amount allowed under 28 U.S.C. § 1961.  Such amount is that which has accrued between July 28, 2005 and September 16, 2005, the date on which National City wired the full judgment of $509,216.52 into Witco's account.

### C. "Entry of Judgment" Against National City Occurred on July 28, 2005

While Witco accurately states that 28 U.S.C. § 1961 allows for interest from the "date of the entry of the judgment," Witco applies the wrong date for the purpose of determining the calculation of interest.  Again, the only date on which any judgment was ever entered against National City in this case was July 28, 2005.  Despite this fact, Witco argues that the "date of the entry of the judgment" should be June 5, 1996.  However, Witco has cited no legal authority supporting the use of that date to calculate interest.  See Witco's Motion to Liquidate Judgment and to Assess Attorney's Fees.

National City, on the other hand, has already provided to this Court a plethora of case law supporting its argument that the appropriate date from which interest should begin to accrue against National City is July 28, 2005.  See National City's Motion for Clarification.  In its Motion for Clarification, National City established that under 28 U.S.C. § 1961, the "date of the entry of the judgment" for the purpose of calculating interest is the date of a district court's entry of judgment on remand from the court of appeals.  See Lewis v. Whelan, 99 F.3d 542, 546 (2nd Cir. 1996); Adkins v. Asbestos Corp., LTD., 18 F.3d 1349, 1352 (6th Cir. 1994); Riha v. Int'l

-6-

Tel. & Telegraph Corp., 533 F.2d 1053, 1054-55 (8th Cir. 1976), citing Simpson v. Motorists Mut. Ins. Co., 494 F.2d 850 (7th Cir.), cert denied, 419 U.S. 901 (1974).

Moreover, the Supreme Court of the United States has recognized that the purpose of awarding interest is only to compensate a successful plaintiff for his loss of interest from the time that damages are "ascertained" and the time of the defendant's payment of the judgment. See Kaiser Aluminum & Chemical Corp. v. Bonjorno, 494 U.S. 827, 835-36 (1990). In the present case, damages against National City were not ascertained until this Court granted Witco's Motion for Summary Judgment upon remand from the Court of Appeals. The Third Circuit vacated this Court's original judgment for National City because of the Pennsylvania Supreme Court's newly created principles of garnishment law. Accordingly, Witco is only entitled to interest between the time of this Court's entry of the judgment on remand on July 28, 2005, and the time that National City wired $509,216.52 into Witco's account on September 16, 2005.

### D. Witco is Not Entitled to Attorney's Fees

Witco's argument that it is entitled to attorney's fees is completely without merit. First, simply because Witco demanded attorney's fees in the wherefore clause of its Motion to Compel Payment does not justify an award of attorney's fees. Furthermore, neither this Honorable Court's judgment on remand, the Court of Appeals' mandate, nor the Pennsylvania Supreme Court's opinion provided for any award of attorney's fees to Witco. See Witco's Motion, Exhibits A-D. None of the Courts' opinions or orders even hinted at the notion that National City should be sanctioned. Indeed Chief Justice Cappy of the Pennsylvania Supreme Court even wrote a strong four-page dissent, in which he opined that National City, in connection with the judgment debtor's purchase of cashiers' checks, was not in possession of the judgment debtor's assets for purposes of garnishment and that National City did not offend the public policy of the

Commonwealth of Pennsylvania.  See Witco Corp. v. Herzog Bros. Trucking, Inc., 863 A.2d 443, 451 (Pa. 2004) (Cappy, J., dissenting).  Thus, it cannot be said that National City's conduct was of such a nature so as to justify a sanction of attorney's fees against National City.

Second, Pennsylvania Rule of Civil Procedure 3111(d), which Witco mistakenly believes permits this Court to award Witco attorney's fees, does not provide for such a sanction.  That Rule states that "the violation of the mandate and injunctive orders of the writ may be punished as contempt."  See PA. R. CIV. PRO. 3111(d).  Unlike other Pennsylvania Rules of Civil Procedure that specifically include attorney's fees as a type of sanction, Rule 3111 does not.  If the Pennsylvania Supreme Court had intended for it to permit such a sanction, it would have included language to that effect.

Moreover, the history of the present case within this Honorable Court demonstrates that National City has obviously not engaged in conduct so severely wrong so as to rise to the level of contempt.  This Court originally found in favor of National City when it granted National City's Motion for Summary Judgment on April 3, 2002.  See National City's Motion for Clarification, Exhibit A.  The Court of Appeals' subsequent vacating and remanding of this Court's original judgment, pursuant to the Pennsylvania Supreme Court's recent opinion that changed the face of Pennsylvania garnishment law, certainly does not justify Witco's claim that National City should be found in contempt.  Again, Chief Justice Cappy's dissent argues against any liability of National City as garnishee.  See Witco Corp., 863 A.2d at 451 (Cappy, J., dissenting).  Accordingly, Witco's claim for attorney's fees must fail.

**IV.    CONCLUSION**

For the foregoing reasons, and for the reasons previously stated in National City's Motion for Clarification as to When Interest Begins to Accrue on Judgment and Memorandum of Law in

Support thereof, which National City filed with this Court on September 16, 2005, National City Bank of Pennsylvania respectfully requests that this Honorable Court deny Witco's Motion to Liquidate Judgment and to Assess Attorney's Fees and grant National City's Motion for Clarification as to When Interest Begins to Accrue, and award interest to Witco on the $509,216.52 only for the time between July 28, 2005 and September 16, 2005.

|  |  |
|---|---|
| Dated: October 20, 2005 | Respectfully submitted,<br><br>/s/ C. James Zeszutek<br>C. James Zeszutek, Esq.<br>Pa. I.D. No. 22071<br>jzeszutek@thorpreed.com<br><br>Jeffrey J. Conn, Esq.<br>Pa. I.D. No. 56198<br>jconn@thorpreed.com<br><br>Jeffrey J. Lorek, Esq.<br>Pa. I.D. No. 93447<br>jlorek@thorpreed.com<br><br>THORP REED & ARMSTRONG<br>Firm I.D. No. 282<br>One Riverfront Center<br>Pittsburgh, PA 15222-4895<br>Tel. No.: 412/ 394-7711<br>Fax No.: 412/ 394-2555<br><br>*Attorneys for Garnishee*<br>*National City Bank of Pennsylvania* |

00656867.DOC

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing **Brief in Opposition to Motion to Liquidate Judgment and to Assess Attorney's Fees** has been served upon counsel of record this 20th day of October, 2005, via first class mail, postage prepaid, as follows:

> David V. Weicht, Esquire
> Leech Tishman Fuscaldo & Lampl
> 525 William Penn Place
> 30th Floor, Citizens Bank Building
> Pittsburgh, PA 15219

> /s/ C. James Zeszutek
> C. James Zeszutek, Esq.
> Pa. I.D. No. 22071
> jzeszutek@thorpreed.com
>
> Jeffrey J. Conn, Esq.
> Pa. I.D. No. 56198
> jconn@thorpreed.com
>
> Jeffrey J. Lorek, Esq.
> Pa. I.D. No. 93447
> jlorek@thorpreed.com
>
> THORP REED & ARMSTRONG
> Firm I.D. No. 282
> One Riverfront Center
> Pittsburgh, PA 15222-4895
> Tel. No.: 412/ 394-7711
> Fax No.: 412/ 394-2555
>
> *Attorneys for Garnishee,*
> *National City Bank of Pennsylvania*

00656867.DOC